UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Walker, Jr., # 313005, | ) | C/A No. 5:14-1271-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I. Factual and Procedural Background

Kenneth Walker, Jr. ("Petitioner") challenges burglary, robbery, and cocaine-related convictions and concurrent sentences totaling 23 years in prison. Pet. 1, ECF No. 1.[1] The convictions and sentences were entered on a guilty plea in York County, South Carolina on December 13, 2005. *Id*. Petitioner raises only one ground for review: failure of trial counsel to investigate an alibi defense. *Id*. at 3. Petitioner asserts that this same issue was unsuccessfully raised in a post-conviction relief application ("PCR") filed in York County Court of Common Pleas on February 25, 2009, within one year of the dismissal of his direct appeal on March 12,

---

[1] Citation to specific pages of the Petition are to the page numbers assigned by the court's Electronic Filing System (ECF).

2008. *Id*. at 2; *see also* Pet'r Answer to Ct.'s Special Interrogs., ECF No. 8. The PCR case was dismissed on March 18, 2011. Pet. 3, ECF No. 1. Petitioner acknowledges that neither he nor his PCR counsel filed a Petition for Writ of Certiorari with the South Carolina Supreme Court seeking review of the dismissal of his PCR case. Pet'r Answer to Special Interrogs., ECF No. 8. The Petition in this case is considered "filed" on April 3, 2014, the date the Petition was submitted to Petitioner's prison mailroom. ECF No. 1-1. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). This filing date was more than three years after the dismissal of Petitioner's PCR case.

Petitioner was informed of the court's concern about the timeliness of this Petition and about his efforts to fully exhaust his state remedies through the initial Order issued in this case. Order, ECF No. 6. In that Order, the court noted that Petitioner did not respond to the question about the timeliness of his filing on the petition form he submitted and specifically directed him to provide additional facts regarding the issue of timeliness of the Petition, to clarify the filing and decision dates of his direct appeal and PCR case, and to answer special interrogatories relating to both the timeliness and exhaustion issues. *Id*. Petitioner submitted his Answers to the Court's Special Interrogatories, acknowledging the lack of an attempt at further review of the PCR case. He offered no factual explanation for the failure to seek appellate review of the PCR dismissal or for his failure to file this Petition for three years after the PCR case was dismissed. ECF No. 8.

II. Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural

provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  Following the required initial review, the undersigned recommends the Petition be summarily dismissed.

III. Analysis

A. Exhaustion of State Remedies

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted his state remedies. With respect to his 2005 York County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but much less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

Section 2254's exhaustion requirement provides:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes "discretionary review" such as the filing of a petition for writ of certiorari to the South Carolina Supreme Court seeking review of the dismissal of a PCR application. *Id.* at 448. In this regard, the South Carolina Supreme Court has specifically stated, "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (1990) (specifically addressing criminal and post-conviction relief appeals).

As noted above, Petitioner specifically acknowledges that neither he nor his PCR counsel filed a petition for writ of certiorari with the state Supreme Court following the dismissal of his PCR case on March 18, 2011. As a result, the ground for habeas relief raised in the Petition filed in this case has not yet been fully considered and addressed by courts of the State of South

Carolina. This failure to exhaust available state court remedies is fatal to this case, and requires that the Petition be dismissed without requiring Respondent to answer.

B. Untimeliness of the Petition

According to the dates provided in his Petition and supplemented by his Answers to the Court's Special Interrogatories, it appears that Petitioner pleaded guilty on December 13, 2005, and filed a timely direct appeal on December 16, 2005. The direct appeal ended by dismissal on March 12, 2008. ECF Nos. 1, 8. Petitioner waited nearly a full year before he filed his PCR case on February 25, 2009, and that case was dismissed on March 18, 2011. *Id.* He did not seek review of the PCR dismissal by the South Carolina Supreme Court, and as a result, his convictions became final thirty days later on April 18, 2011, after the time to serve a petition for writ of certiorari expired. *See* SCACR 203(b)(1); 243(b). The statute of limitations began to run the next day, on April 19, 2011, and had been expired for nearly three full years when the Petition now under review was filed on April 3, 2014.

The United States Supreme Court has held that "[t]he 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001). While both the United States Supreme Court and the Fourth Circuit Court of Appeals have held that the § 2254 statute of limitations is subject to equitable tolling, both have also underscored the very limited circumstances where equitable tolling will be permitted. *See Holland v. Florida*, 560 U.S. 631, 648-50 (2010); *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases . . .

and to further principles of comity, finality and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 404, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

Here Petitioner does not offer any factual explanation or excuse for his nearly three-year delay in filing the Petition in this case after the dismissal of his PCR case. Therefore, the undersigned recommends finding that Petitioner is barred from federal habeas review because there is no factual basis provided upon which this court can consider the issue of equitable tolling in this case.

IV. Conclusion

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* as untimely and un-exhausted. *See, e.g., Jordan v. Sec., Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (dismissal for untimeliness is a decision on the merits of the petition); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) (same); *Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010) (collecting cases).

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

June 26, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).